■ RUBEN CARTER, Plaintiff, v FARMINGTON SPORTSERVICE, INC., et al., Respondents, and SYSCO FOOD SERVICES, INC., et al., Appellants. [649 NYS2d 306] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and cross claims dismissed. Memorandum: Sysco Food Services, Inc. (Sysco), and Norcal Crosetti Foods, Inc. (Norcal), appeal from an order insofar as it denied that part of their motion seeking dismissal, pursuant to CPLR 3211 (a) (7), of the cross claim of defendant Farmington Sportservice, Inc. (Farmington), for common-law indemnification and granted that part of their motion seeking dismissal of the cross claim of defendant Rich Products Corporation (Rich) for common-law indemnification without prejudice to renew. Supreme Court should have granted the motion of Sysco and Norcal dismissing the cross claim of Farmington and dismissing the cross claim of Rich with prejudice. Plaintiff alleges that each defendant was actively negligent; he does not allege that any defendant is liable only vicariously. The cross claims of Farmington and Rich against Sysco and Norcal allege generally that, if held liable to plaintiff, they are entitled to indemnification based upon the negligence of Sysco and Norcal. Those general allegations in each cross claim fail to state a cause of action for common-law indemnification (*see,* CPLR 3019 [d]; *Fox v County of Nassau,* 183 AD2d 746; *Siffin v Rambuski,* 87 AD2d 979; *see also, De Luca v Itek Corp.,* 59 AD2d 885). Because the cross claim of Rich is insufficient on its face, there is nothing to be gained by renewal of the motion. (Appeal from Order of Supreme Court, Ontario County, Cornelius, J.—Dismiss Cross Claims.) Present—Green, J. P., Lawton, Doerr, Balio and Boehm, JJ.