■ MITCHELL W. COOPER et al., Respondents-Appellants, v TIME WARNER ENTERTAINMENT-ADVANCE/NEWHOUSE PARTNERSHIP, Appellant-Respondent, and DAMON CABLE SPECIALISTS, INC., Respondent, et al., Defendant. [791 NYS2d 795]—

Appeal and cross appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, A.J.), entered December 11, 2003. The order, among other things, granted that part of plaintiffs' motion seeking partial summary judgment on the Labor Law § 240 (1) cause of action against defendant Time Warner Entertainment-Advance/Newhouse Partnership, granted those parts of the cross motion of defendant Time Warner Entertainment-Advance/Newhouse Partnership seeking summary judgment dismissing the Labor Law §§ 200 and 241 (6) causes of action against it, and granted the cross motions of defendants Damon Cable Specialists, Inc. and New York State Electric and Gas Corporation seeking summary judgment dismissing all claims against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion of defendant Time Warner Entertainment-Advance/Newhouse Partnership with respect to the second cause of action, dismissing that cause of action against it and denying plaintiffs' motion in its entirety and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Mitchell W. Cooper (plaintiff), an employee of third-party defendant SCS Installations, Inc. (SCS), when he fell from a utility pole. Prior to plaintiff's accident, defendant Daman Cable Specialists, Inc. (Daman), incorrectly sued as Damon Cable Specialists, Inc., was hired by defendant-third-party plaintiff Time Warner Entertainment-Advance/Newhouse Partnership (Time Warner) to install new equipment, including new taps, on cable lines. SCS was hired by Time Warner to

install Road Runner high-speed internet hookups on computers inside individual residences; the Road Runner services are provided through the cable lines. On the day of the accident, plaintiff checked the signal on a tap affixed to the outside of the residence where he was installing the internet hookups. Once inside the residence, he checked the signal on the cable and attached the modem to the cable. After communicating with Time Warner representatives, plaintiff's final task was to climb the utility pole to inspect the cable fittings and to place an identification tag on the Road Runner fixture. While climbing the pole, plaintiff grabbed onto a tap on the cable on one side of the pole in order to hoist himself up the pole. Plaintiff was unaware that the tap was in fact an old tap that had been disconnected and that the new tap was located on the cable on the other side of the pole. The old tap broke off from the pole, and plaintiff fell approximately 20 feet to the ground.

We agree with Time Warner that Supreme Court erred in denying that part of its motion for summary judgment dismissing the Labor Law § 240 (1) cause of action against it and in granting that part of plaintiffs' motion for partial summary judgment on the Labor Law § 240 (1) cause of action against Time Warner. We therefore modify the order accordingly. Plaintiff was not altering a structure, nor was he engaged in any other activity enumerated in the statute (*see Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 53 [2004]; *see generally Joblon v Solow*, 91 NY2d 457, 465 [1998]; *cf. Otero v Cablevision of N.Y.*, 297 AD2d 632 [2002]; *Di Giulio v Migliore*, 258 AD2d 903, 903-904 [1999]).

We reject plaintiffs' contention that the court erred in granting that part of the motion of Daman for summary judgment dismissing the amended complaint against it. Plaintiffs asserted a cause of action for negligence as well as a derivative cause of action against Daman, alleging that it was negligent in cutting the assembly wires on the old tap and then failing to remove it from the cable when it installed a new tap. Daman met its initial burden of establishing that it owed no duty to plaintiff as a matter of law, and plaintiffs failed to raise a triable issue of fact. "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]; *see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]). The Court of Appeals has recognized an exception to that general rule "where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, 'launche[s] a force or instrument of harm'" (*Espinal*, 98 NY2d at 140). Contrary to

plaintiffs' contention, that exception is not applicable to the facts of this case (*see generally Church*, 99 NY2d at 111-112). Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Hayes, JJ.