■ GREAT AMERICAN INSURANCE COMPANY, Respondent, v CANANDAIGUA NATIONAL BANK AND TRUST COMPANY, Appellant and Third-Party Plaintiff-Appellant-Respondent. TRANSIT GROUP, INC., et al., Third-Party Defendants-Respondents-Appellants. [804 NYS2d 177]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered November 18, 2004. The order, insofar as appealed from, granted plaintiff's motion for summary judgment, denied those parts of defendant's cross motion for summary judgment dismissing the complaint and, inter alia, alternatively for summary judgment on the third-party complaint and denied third-party defendants' cross motion for summary judgment dismissing the third-party complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion of third-party defendants and dismissing the third-party complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff, Great American Insurance Company (GAIC), through its subsidiary American National Fire Insurance Company (ANFI), issued certain policies insuring third-party defendants, Transit Group, Inc. and Transit Group Transportation LLC, doing business as K.J. Transportation, Inc. (collectively, Transit), for workers' compensation and employers' liability. The policies included a deductible provision of $500,000 for claims and expenses and, pursuant to the terms of a "Loss Fund Agreement" (Agreement) dated March 24, 1998, Transit was obligated to procure and deliver to GAIC a "clean, unconditional, irrevocable" letter of credit in the amount of $300,000, "subject to all the terms of the . . . Agreement," in order to secure its obligation to reimburse GAIC for all claims and expenses up to the deductible amount. GAIC and Transit subsequently agreed by an exchange of correspondence dated July 18, 2000 to the pledge of a $300,000 certificate of deposit (CD) in lieu of the letter of credit called for by the Agreement. By letter of the same date, defendant, Canandaigua National Bank and Trust Company (CNB), confirmed Transit's pledge of a $300,000 CD; recited its "understanding" that the CD would not be "redeemed" by Transit without the permission of ANFI; "further noted" that its letter, together with Transit's July 18, 2000 letter to ANFI, would be "sufficient evidence" to allow ANFI to redeem the CD "if [Transit] defaults on payment of claims under the . . . Agreement"; and agreed to send all notices concerning the CD to ANFI.

At the end of December 2001, Transit filed for relief under chapter 11 of the Bankruptcy Code (11 USC). In early October 2002, a Florida attorney serving as bankruptcy attorney for Transit as debtor-in-possession sought access to the $300,000 CD proceeds. Without providing notice to GAIC or ANFI, CNB remitted the entire CD proceeds to Transit. In November 2002, GAIC determined that Transit was $429,423 in arrears under the Agreement and thereafter commenced this action against CNB. The complaint demands judgment in the amount of $300,000 plus interest on theories of breach of contract, negligence, and breach of fiduciary duty. CNB in turn commenced a third-party action against Transit seeking, on theories of common-law indemnification, fraud, and negligent misrepresentation, reimbursement of any sums for which CNB

might be found liable to GAIC. GAIC moved for summary judgment on the complaint, and CNB cross-moved for summary judgment dismissing the complaint and, inter alia, alternatively sought summary judgment on the third-party complaint. Transit cross-moved for summary judgment dismissing the third-party complaint. Insofar as relevant to this appeal and cross appeal, Supreme Court granted the motion of GAIC for summary judgment on the complaint, denied those parts of the cross motion of CNB for summary judgment dismissing the complaint and for summary judgment on the third-party complaint, and denied the cross motion of Transit for summary judgment dismissing the third-party complaint. We conclude that the court properly granted the motion of GAIC but erred in denying Transit's cross motion for summary judgment dismissing the third-party complaint. We therefore modify the order accordingly.

We agree with the court that CNB breached its fiduciary duty as an escrowee in releasing the CD funds to Transit without providing notice to GAIC and obtaining its consent or that of ANFI. Contrary to the contention of CNB, the parties' correspondence dated July 18, 2000 constituted a valid escrow agreement. Pursuant to that correspondence, Transit, as grantor, delivered the $300,000 CD to CNB and agreed that the CD was security for its "workers' compensation plans" and could not be redeemed by Transit without the consent of GAIC or ANFI. Transit further agreed that ANFI could redeem the CD upon Transit's default in payment under the Agreement. CNB in turn acknowledged that the CD proceeds were "pledged" to secure Transit's obligation to ANFI; that Transit could not redeem the CD without the "permission" of ANFI; that ANFI could redeem the CD upon Transit's default; and that CNB would send to ANFI all notices with respect to the CD.

The agreement reached by the parties, based on their words and conduct, fulfills all the requisites of an escrow agreement, i.e., an agreement pursuant to which funds are delivered to a third-party depositary, the grantor relinquishes control over the funds, and the funds are to be delivered to a third party conditioned upon the performance of some act or the occurrence of some event (see *Rock Oak Estates v Katahdin Corp.* [appeal No. 2], 280 AD2d 960, 962 [2001]; *Lennar Northeast Partners Ltd. Partnership v Gifaldi*, 258 AD2d 240, 243 [1999], *lv denied* 94 NY2d 754 [1999]; *see also In re AppOnline.com, Inc.*, 315 BR 259, 274 [2004]; *see generally* 55 NY Jur 2d, Escrows § 3). As escrowee, CNB owed the other parties to the agreement the fiduciary duty of a trustee and was under "a duty not to deliver

the escrow to [anyone] except upon strict compliance with the conditions imposed" by the escrow agreement (*Farago v Burke*, 262 NY 229, 233 [1933]; *see Iannizzi v Seckin*, 5 AD3d 555, 556 [2004]; *Takayama v Schaefer*, 240 AD2d 21, 25 [1998]; *National Union Fire Ins. Co. Pittsburgh, Pa. v Proskauer Rose Goetz & Mendelsohn*, 165 Misc 2d 539, 545-546 [1994], *affd* 227 AD2d 106 [1996]). The record herein establishes that CNB breached that duty.

We further conclude that the court erred in denying Transit's motion for summary judgment dismissing the third-party complaint. The cause of action for common-law indemnification is without merit. "Since the predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine" (*Trustees of Columbia Univ. v Mitchell/Giurgola Assoc.*, 109 AD2d 449, 453 [1985]). Here, because CNB's liability to GAIC in the main action is predicated on the alleged breach of CNB's fiduciary duty under the escrow agreement, CNB is not entitled to common-law indemnification against Transit (*see Sterling Natl. Bank v Israel Discount Bank of N.Y.*, 305 AD2d 184 [2003]; *Edgewater Constr. Co. v 81 & 3 of Watertown*, 252 AD2d 951, 952-953 [1998]; *John W. Cowper Co. v Potomac Iron Works*, 188 AD2d 1065 [1992], *lv denied* 81 NY2d 707 [1993]; *see generally Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 569 [1987]; *Garrett v Holiday Inns*, 58 NY2d 253, 263-264 [1983]). The causes of action for fraud and negligent misrepresentation likewise are without merit. Because of its duty as escrowee not to deliver the CD proceeds to Transit without the permission of GAIC or ANFI, CNB could not justifiably rely on the alleged representation of Transit's attorney that Transit owed nothing to GAIC under the Agreement (*see Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 19 AD3d 1056, 1058 [2005]; *Barrett v Huff*, 6 AD3d 1164, 1167 [2004]; *H & R Project Assoc. v City of Syracuse*, 289 AD2d 967, 969 [2001]).

We have considered CNB's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.