■ TODD SCHOSEK, as Administrator of the Estate of JESSE J. SCHOSEK, Deceased, et al., Appellants, v AMHERST PAVING, INC., et al., Respondents. [862 NYS2d 227]—

Appeals from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered April 19, 2007 in an action for personal injury and wrongful death. The order granted the mo-

tion of defendant Amherst Paving, Inc. for summary judgment dismissing the action and the cross claims of defendant County of Erie against it.

It is hereby ordered that said appeals from the order insofar as it dismissed the cross claims are dismissed and the order is affirmed without costs.

Memorandum: Plaintiffs commenced these consolidated actions seeking damages arising out of a motor vehicle accident that occurred in the Town of Eden. Plaintiff Kelly Schosek's decedent allegedly lost control of her vehicle when she drove onto the shoulder of the road and attempted to return to the traveled portion of the road, and plaintiff Todd Schosek's decedent was a passenger in the vehicle. At the time of the accident, defendant County of Erie (County) had contracted with defendant Amherst Paving, Inc. (Amherst Paving) to repave the roadway, and the County was responsible for rebuilding the shoulders of the roadway. It is undisputed that Amherst Paving had applied the binder layer of pavement prior to the accident and that, before it was able to apply the top layer of pavement, the County halted the paving operation in order to make unrelated repairs to the shoulder of the roadway. Thus, in its unfinished state at the time of the accident at the location where the vehicle of plaintiff Kelly Schosek's decedent left the roadway, there was a height differential, or "drop-off," of approximately 4½ inches between the paved portion of the roadway and the gravel shoulder of the roadway.

Supreme Court properly granted that part of the motion of Amherst Paving for summary judgment dismissing "the action" against it. Amherst Paving established as a matter of law that it did not owe plaintiffs' decedents a duty of care, inasmuch as "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]; *see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *Cooper v Time Warner Entertainment-Advance/Newhouse Partnership*, 16 AD3d 1037, 1038 [2005]). Contrary to plaintiffs' contention, the exception to that general rule "where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, 'launche[d] a force or instrument of harm' " does not apply here (*Espinal*, 98 NY2d at 140; *see Anderson v Jefferson-Utica Group, Inc.*, 26 AD3d 760, 760-761 [2006]). It cannot be said that Amherst Paving launched a force or instrument of harm by failing to place cones or construction signs near the accident site or by applying the binder layer of pavement pursuant to the contract.

Also contrary to plaintiffs' contention, the failure of Amherst Paving to place cones or construction signs at the accident site did not create a duty of care owing to plaintiffs' decedents. Such inaction "did nothing more than neglect to make the [roadway] *safer*—as opposed to less safe—than it was before the repaving . . . project began" (*Church*, 99 NY2d at 112; *see also Stiver v Good & Fair Carting & Moving, Inc.*, 32 AD3d 1209, 1210-1211 [2006], *affd* 9 NY3d 253 [2007]; *Cooper*, 16 AD3d at 1038-1039). Moreover, pursuant to the express terms of the contract between Amherst Paving and the County, only the County was responsible for protecting traffic. Thus, Amherst Paving's " ' inaction is at most a refusal to become an instrument for good' " (*Church*, 99 NY2d at 112). The dissent notes that, at the time the County interrupted Amherst Paving's repaving work, "the height of the roadway was elevated in certain areas from 4 to 4½ inches above the height of the shoulder of the roadway" and that Amherst Paving "was aware that there was a problem with the shoulder of the roadway." The record is barren, however, of any evidence either that Amherst Paving had knowledge that such a drop-off existed at the location where the vehicle of plaintiff Kelly Schosek's decedent left the roadway, or that the County interrupted the repaving work because of a problem created by Amherst Paving. Thus, it is of no moment that there existed a 4-to-4½-inch drop-off on the roadway's shoulder "in certain areas" of the roadway or that Amherst Paving was aware of "a problem" with the shoulder of the roadway prior to the accident. In opposition, plaintiffs failed to raise an issue of fact whether Amherst Paving "negligently created or exacerbated the allegedly dangerous condition" (*Blazynski v A. Gareleck & Sons, Inc.*, 48 AD3d 1168, 1170 [2008]). There is no evidence in the record establishing how much of the 4½-inch drop-off was attributable to the work of Amherst Paving and, indeed, the contract between Amherst Paving and the County specified that Amherst Paving was to apply only a two-inch binder layer of pavement to the roadway.

We conclude that plaintiffs lack standing to appeal from that part of the order dismissing the County's cross claims against Amherst Paving because they were not aggrieved by that part of the order, and thus the appeals from that part of the order must be dismissed (*see* CPLR 5511; *see generally Board of Mgrs. of Riverview at Coll. Point Condominium III v Schorr Bros. Dev. Corp.*, 182 AD2d 664, 666 [1992]). In light of our determination, we need not reach plaintiffs' remaining contentions.

All concur except Fahey and Gorski, JJ., who dissent in part and vote to modify in accordance with the following memorandum.

Fahey and Gorski, JJ. (dissenting in part). We respectfully dissent in part and would modify the order by denying that part of the motion of defendant Amherst Paving, Inc. (Amherst Paving) seeking summary judgment dismissing "the action" against it. In our view, Amherst Paving failed to establish as a matter of law that it did not owe plaintiffs' decedents a duty of care. As noted by the majority, the accident occurred after Amherst Paving began to repave the subject roadway but before it had completed the repaving. When defendant County of Erie (County) interrupted Amherst Paving's repaving work prior to the accident, the height of the roadway was elevated in certain areas from 4 to 4½ inches above the height of the shoulder of the roadway.

In support of its motion, Amherst Paving submitted the deposition testimony of an engineer employed by the County, who acknowledged that a height differential of from 4 to 4½ inches between the roadway and the shoulder thereof would be "cause [for] concern" because a vehicle could "drop-off" the roadway. In addition, the submissions of Amherst Paving in support of the motion establish that it was aware that there was a problem with the shoulder of the roadway prior to the date of the accident, inasmuch as that problem was the stated reason for the interruption by the County of Amherst Paving's repaving work. "Viewing the evidence in the light most favorable to the nonmoving parties, as we must" (*Graziadei v Mohamed*, 23 AD3d 1100, 1101 [2005]), we conclude that by its own submissions Amherst Paving raised a triable issue of fact precluding summary judgment (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). It is well established that a defendant "who undertakes to render services and then negligently creates or exacerbates a dangerous condition may be liable for any resulting injury" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141-142 [2002]; *see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]), and we conclude herein that there is an issue of fact whether Amherst Paving was negligent in creating a dangerous condition by performing some of its contractual duties and by leaving the roadway in a less safe condition, fully aware of the problem it was leaving behind (*cf. Church*, 99 NY2d at 112). Present—Smith, J.P., Lunn, Fahey, Pine and Gorski, JJ.