■ TERRY JOHNSON et al., Appellants, v OPTOMETRIX, INC., Respondent. [903 NYS2d 294]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered August 28, 2009 in a breach of contract action. The order, insofar as appealed from, denied that part of the motion of plaintiffs seeking permission to pay certain escrow funds into court and granted that part of the cross motion of defendant seeking to release those funds to its counsel.

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: Plaintiffs appeal from an order denying that part of their motion to direct the payment of $100,000 in escrow funds into Supreme Court and granting that part of the cross motion of defendant seeking to release those funds to its counsel. We affirm. We conclude that the escrow account was established pursuant to an agreement between the parties and

that the funds were intended to be a deposit by defendant pending the negotiation of terms for the purchase of the corporation owned by plaintiffs (*cf. Rock Oak Estates v Katahdin Corp.* [appeal No. 2], 280 AD2d 960, 961-962 [2001]). Inasmuch as the record establishes that the parties were unable to reach an agreement on the terms of the sale, defendant is entitled to the return of the deposit (*see Fumerelle v Performance Rides*, 188 AD2d 1014 [1992]).

All concur except Smith, J.P., who dissents and votes to reverse the order insofar as appealed from in accordance with the following memorandum.

Smith, J.P. (dissenting). I respectfully dissent. Plaintiffs commenced this breach of contract action seeking, inter alia, immediate possession of a retail eyewear store that defendant was operating pursuant to an agreement with plaintiffs. After defendant answered the complaint, the parties began to negotiate a settlement of both this breach of contract action and a related summary eviction proceeding pending in a local court. As part of those negotiations, defendant was to pay $100,000 to plaintiffs' attorney, to be held in escrow. No written escrow agreement was signed, however, and the parties now disagree with respect to the terms of their oral escrow agreement. In conjunction with defendant's payment of the final $75,000 to be held in escrow, defendant's attorney sent a letter to plaintiffs' attorney stating, inter alia, "[e]nclosed herewith please find bank draft in the amount of $75,000 payable to your firm as attorneys, to be held in escrow until all parties have executed a written settlement agreement encompassing the terms and conditions discussed at your office" on a specified date. Defendant's attorney eventually indicated that there would be no settlement and requested the return of the $100,000 in escrow funds. Plaintiffs' attorney refused to remit the funds, contending that they were to be held "pending the resolution of this matter." Supreme Court thereafter denied that part of the motion of plaintiffs' attorney seeking permission to pay the funds into court and granted that part of defendant's cross motion for an order directing that the funds be released to defendant's attorney. In my view, the court erred in granting that part of defendant's cross motion and instead should have granted that part of plaintiffs' motion seeking permission to pay the escrow funds into court.

Because the funds were deposited in escrow with plaintiffs' attorney, the attorney became a stakeholder of those funds (*see generally* CPLR 1006 [a]; *Great Am. Ins. Co. v Canandaigua Natl. Bank & Trust Co.*, 23 AD3d 1025, 1027-1028 [2005], *lv*

*denied* 7 NY3d 741 [2006]). As a stakeholder, plaintiffs' attorney was entitled to commence an "action of interpleader" pursuant to CPLR 1006 (a) and, pursuant to CPLR 1006 (g), he was entitled to move for an order permitting him to pay the escrow funds into court. Here, based on the motion and cross motion before it, the court's only authority to order disbursement of the $100,000 was pursuant to the interpleader statute (*see generally* CPLR 1006), and I thus conclude that the court erred by in effect granting summary judgment in favor of defendant, ordering that the funds be released to its attorney.

Plaintiffs' attorney, as escrowee, "owed the other parties to the agreement the fiduciary duty of a trustee and was under 'a duty not to deliver the escrow to [anyone] except upon strict compliance with the conditions imposed' by the escrow agreement" (*Great Am. Ins. Co.*, 23 AD3d at 1027-1028; *see Farago v Burke*, 262 NY 229, 233 [1933]; *Takayama v Schaefer*, 240 AD2d 21, 25 [1998]). Although the court may grant summary judgment in an interpleader action in the event that a party demonstrates as a matter of law that it is entitled to the funds under the terms of the escrow agreement (*see e.g. Welch v Hauck*, 18 AD3d 1096, 1097-1098 [2005], *lv denied* 5 NY3d 708 [2005]; *Manufacturers & Traders Trust Co. v Reliance Ins. Co.*, 303 AD2d 1002 [2003]), I cannot conclude that the court properly disbursed the escrow funds at issue here. The parties disagree with respect to the terms of the agreement under which the funds were placed into escrow, and the only written condition is that they will be held by plaintiffs' attorney "until all parties have executed a written settlement agreement encompassing the terms and conditions discussed." The parties agree that no written agreement was executed. The court therefore could not direct that the escrow funds be returned as a matter of law (*cf. Barton v Lerman*, 233 AD2d 555 [1996]), nor may the court direct payment of the escrow funds where, as here, "there are triable questions of fact as to what agreement, if any, the parties ha[ve] reached as to the disposition of those funds" (*Bender Burrows & Rosenthal, LLP v Simon*, 65 AD3d 499, 499 [2009]; *see Romeo v Schmidt* [appeal No. 3], 244 AD2d 861 [1997]). I therefore would reverse the order insofar as appealed from, grant that part of plaintiffs' motion with respect to the payment of escrow funds, direct plaintiffs' attorney to pay the funds into court, deny that part of defendant's cross motion with respect to release of the funds and vacate the directive to release the funds to defendant's attorney. Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.