# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**497**

**CA 10-02234**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

TERRY JOHNSON, RICHARD JOHNSON AND
PITTSFORD VISION, PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

OPTOMETRIX, INC., DEFENDANT-APPELLANT.
-------------------------------------------
IN THE MATTER OF TERRY JOHNSON, RICHARD
JOHNSON AND PITTSFORD VISION,
PETITIONERS-RESPONDENTS,

V

MONROE COUNTY TREASURER AND MONROE COUNTY
CLERK, RESPONDENTS-RESPONDENTS.

---

WOODS OVIATT GILMAN LLP, ROCHESTER (ANDREW J. RYAN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

KAMAN, BERLOVE, MARAFIOTI, JACOBSTEIN & GOLDMAN, LLP, ROCHESTER
(RICHARD GLEN CURTIS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS AND
PETITIONERS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered August 20, 2010 in a breach of contract action. The order denied the motion of defendant to release certain escrow funds to it.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: Plaintiffs commenced this breach of contract action seeking, inter alia, immediate possession of a retail eyewear store that defendant was operating pursuant to an agreement with plaintiffs. By order entered August 28, 2009, Supreme Court denied that part of plaintiffs' motion to direct the payment of $100,000 in escrow funds into the court and granted that part of defendant's cross motion to release those funds to its counsel (*Johnson v Optometrix, Inc.*, 75 AD3d 1073). The escrow funds were held by plaintiffs' counsel as a deposit for a corporate purchase transaction that subsequently failed (*id.*). Plaintiffs obtained a stay of the order pending their appeal therefrom by depositing those escrow funds with the Monroe County Clerk as an undertaking pursuant to CPLR 5519 (a) (2). After defendant objected to the use of the escrow funds for the undertaking

and following a conference with the court that resulted in a stipulation between the parties, the court communicated to the parties by e-mail that it had "assumed" that the escrow funds would be used to satisfy "the preconditions of [CPLR] 5519 (a) (2)." Defendant subsequently moved in this Court for an order vacating the stay on the ground that, inter alia, it was improper for plaintiffs to use the escrow funds as an undertaking to effectuate an automatic stay. By order entered September 15, 2009, this Court granted defendant's motion "to the extent that the automatic stay . . . is vacated effective November 13, 2009 unless [plaintiffs] perfect the appeal [from the August 28, 2009 order] on or before November 12, 2009 . . . ." Plaintiffs thereafter timely perfected their appeal and, by order entered July 2, 2010, we affirmed (*Johnson*, 75 AD3d 1073).

While that appeal was pending, however, the court granted plaintiffs' motion for summary judgment on the complaint, and judgment was entered against defendant in the sum of $78,940.51. Judgment was also entered against defendant in the sum of $26,548.75 for reasonable attorneys' fees and costs recoverable pursuant to the written agreement of the parties. By order to show cause in February 2010, plaintiffs commenced a special proceeding pursuant to CPLR 5225 (b) seeking an order directing the Monroe County Treasurer to pay over to plaintiffs the $100,000 undertaking in the event that, inter alia, the August 28, 2009 order was affirmed. By order entered May 3, 2010, the court granted plaintiffs' motion.

On July 30, 2010, shortly after we affirmed the August 28, 2009 order, defendant moved for an order directing the Monroe County Treasurer to pay the $100,000 undertaking to defendant. Defendant appeals from an order denying that motion. We affirm.

We reject defendant's contention that this Court should reexamine the propriety of plaintiffs' use of the escrow funds for the undertaking. We agree with the court that the issue was previously raised by defendant when it moved to vacate the automatic stay pending plaintiffs' appeal from the August 28, 2009 order and that the issue was determined by this Court's order entered September 15, 2009. The doctrine of law of the case "precludes this Court from reexamining an issue [that] has been decided against a party on a prior appeal where that party had a full and fair opportunity to address the issue" (*Frankson v Brown & Williamson Tobacco Corp.*, 67 AD3d 213, 217), and that is the case here.

In light of our determination, we need not address defendant's remaining contentions.

All concur except FAHEY, J., who dissents and votes to reverse in accordance with the following Memorandum: I respectfully dissent. On the prior appeal, a majority of this Court determined that, pursuant to the escrow agreement between the parties, the $100,000 in escrow funds (funds) "were intended to be a deposit by defendant pending the negotiation of terms for the purchase of the corporation owned by plaintiffs" and, in view of the inability of the parties "to reach an agreement on the terms of the sale, defendant [was] entitled to the

return of the [funds]" (*Johnson v Optometrix, Inc.*, 75 AD3d 1073, 1074).  I conclude that plaintiffs' attorney, as escrowee of the funds, did not comply with his " 'duty not to deliver the escrow [funds] to [anyone] except upon strict compliance with the conditions imposed' by the escrow agreement" (*Great Am. Ins. Co. v Canandaigua Natl. Bank & Trust Co.*, 23 AD3d 1025, 1027-1028, *lv dismissed* 7 NY3d 741, quoting *Farago v Burke*, 262 NY 229, 233), and plaintiffs should not have used the funds to give the undertaking essential to the stay of the order from which the prior appeal was taken (*see* CPLR 5519 [a] [2]).  That stay allowed the funds to be withheld from defendant long enough for plaintiffs to commence the special proceeding pursuant to CPLR 5225 (b) in which this appeal had its genesis.

Even assuming, arguendo, that we considered and determined the propriety of plaintiffs' deposit of the funds with the Monroe County Clerk in the prior appeal (*Johnson*, 75 AD3d 1073), we are not precluded from reexamining the issue here.  Indeed, "[e]very court retains a continuing jurisdiction generally to reconsider any prior intermediate determination it has made" (*Aridas v Caserta*, 41 NY2d 1059, 1061; *see Faricelli v TSS Seedman's*, 94 NY2d 772, 774).

In my view, under the circumstances of this case, it would be inequitable to withhold the funds from defendant, and plaintiffs should not benefit from their attorney's breach of his obligation not to deliver the funds upon a condition other than one contemplated by the escrow agreement.  Consequently, I would reverse the order and grant the motion for an order directing the Monroe County Treasurer to pay the funds to defendant.

Entered:  June 10, 2011                          Patricia L. Morgan
                                                 Clerk of the Court