# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

869.1
CA 12-00055
PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

GENESEE/WYOMING YMCA, PLAINTIFF,

V                                          MEMORANDUM AND ORDER

BOVIS LEND LEASE LMB, INC., DEFENDANT.
----------------------------------------------------
BOVIS LEND LEASE LMB, INC., THIRD-PARTY
PLAINTIFF-RESPONDENT,

V

WHITNEY EAST, INC., THIRD-PARTY DEFENDANT,
AND THOMAS ASSOCIATES ARCHITECTS &
ENGINEERS, P.C., THIRD-PARTY DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

SUGARMAN LAW FIRM, LLP, SYRACUSE (DAVID C. BRUFFETT, JR., OF COUNSEL),
FOR THIRD-PARTY DEFENDANT-APPELLANT.

HANCOCK ESTABROOK, LLP, SYRACUSE (JAMES P. YOUNGS OF COUNSEL), FOR
THIRD-PARTY PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John A.
Michalek, J.), entered November 17, 2011.  The order, insofar as
appealed from, denied that part of the motion of third-party defendant
Thomas Associates Architects & Engineers, P.C. seeking to dismiss the
fourth cause of action of third-party plaintiff's complaint.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, that part of the motion
of third-party defendant Thomas Associates Architects & Engineers,
P.C. to dismiss the fourth cause of action in the third-party
complaint is granted and the third-party complaint is dismissed in its
entirety against it.

Memorandum:  Plaintiff, Genesee/Wyoming YMCA (YMCA), commenced an
action seeking damages for breach of contract and unjust enrichment
against defendant-third-party plaintiff, Bovis Lend Lease LMB, Inc.
(Bovis).  Bovis in turn commenced a third-party action seeking
contribution and common-law indemnification from third-party
defendants, Thomas Associates Architects & Engineers, P.C. (Thomas)
and Whitney East, Inc. (Whitney).  In appeal No. 1, Thomas appeals
from an order insofar as it denied that part of Thomas's motion
seeking dismissal of the indemnification cause of action against it in

the third-party complaint.  In appeal No. 2, Bovis appeals from an order denying its motion for summary judgment dismissing the complaint in the main action.

In 1999 the YMCA decided to construct a wellness facility, which included an indoor swimming pool, at its Wyoming County location (project).  The YMCA entered into an agreement with Bovis calling for Bovis to oversee the project (hereafter, Agreement).  The YMCA also hired Thomas as the architect and Whitney as the general contractor for the project.  As relevant, Thomas designed a "standing seam roof" with a "flat (or near flat) pitch" and a "taped insulation system" using "fiberglass batt insulation" above the swimming pool (collectively, proposed design).  In the spring of 2001, before construction commenced, Whitney questioned the proposed design.  Bovis allegedly reviewed the proposed design and Thomas's selection of materials for the construction thereof and recommended that the YMCA move forward with the project as designed and with the materials selected.  The project was completed during 2002.  In January 2003, it was discovered that the roof and insulation system were defectively designed and that the materials used were improper or of inferior quality.

After expending significant funds to repair and eventually replace the roof and insulation system, the YMCA commenced an action against Bovis, alleging that, pursuant to the Agreement, Bovis "agreed to review and approve design, constructability and materials used to construct the roof and insulation systems."  The YMCA further alleged that Bovis breached its contractural obligations to the YMCA by "approving" the defective proposed design and the inferior or improper materials for the construction thereof.  The YMCA also alleged that Bovis was unjustly enriched inasmuch as the YMCA compensated Bovis in accordance with the Agreement even though Bovis did not "fully and effectively provide all of the services" set forth therein.  Bovis then commenced a third-party action against Whitney and Thomas.  As relevant, Bovis's fourth cause of action sought common-law indemnification from Thomas, alleging that, if Bovis is held liable to the YMCA in the main action, Thomas is in turn liable to Bovis based on Thomas's "affirmative action and primary negligence . . . without any active or primary negligence or active participation" by Bovis.

By the order in appeal No. 1, the court denied that part of Thomas's motion seeking dismissal of the fourth cause of action in the third-party complaint and otherwise granted Thomas's motion. Preliminarily, we note that Thomas's motion to dismiss was based solely on CPLR 3211 (a) (7), and we therefore must "accept the facts as alleged in the [third-party] complaint as true, accord [Bovis] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory . . . '[T]he criterion is whether [Bovis] has a cause of action, not whether [it] has stated one' " (*Leon v Martinez*, 84 NY2d 83, 87-88; *see Burton v Matteliano*, 81 AD3d 1272, 1274, *lv denied* 17 NY3d 703). Applying that standard of review, we conclude that the court should have granted Thomas's motion in its entirety.

Indemnification is "[t]he right of one party to shift the entire loss to another" and "may be based upon an express contract or an implied obligation" (*Bellevue S. Assoc. v HRH Constr. Corp.*, 78 NY2d 282, 296, *rearg denied* 78 NY2d 1008).  "The principle of common-law, or implied indemnification, permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party" (*17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.*, 259 AD2d 75, 80; *see D'Ambrosio v City of New York*, 55 NY2d 454, 460-461; *McDermott v City of New York*, 50 NY2d 211, 217, *rearg denied* 50 NY2d 1059).  " 'Since the predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine' " (*Great Am. Ins. Co. v Canandaigua Natl. Bank & Trust Co.*, 23 AD3d 1025, 1028, *lv dismissed* 7 NY3d 741).

Here, the liability of Bovis in the main action if any, is not vicarious or secondary, i.e., based solely on Thomas's breach of its obligations to the YMCA, but it is based on Bovis's alleged "failure to perform its own contractural obligations" pursuant to the Agreement (*Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 146 AD2d 190, 199, *lv denied* 75 NY2d 702).  Thus, even viewing the allegations of the third-party complaint as true, we conclude that Bovis failed to state a cause of action for common-law indemnification against Thomas (*see Westbank Contr., Inc. v Rondout Val. Cent. School Dist.*, 46 AD3d 1187, 1189-1190; *Carter v Farmington Sportservice*, 233 AD2d 840, 840; *see also Great Am. Ins. Co.*, 23 AD3d at 1028; *Board of Educ. of Hudson City School Dist.*, 146 AD2d at 199-200).

We conclude in appeal No. 2 that the court erred in denying Bovis's motion in its entirety, and instead should have granted the motion in part.  We reject Bovis's contention that the court erred in failing to dismiss the complaint as time-barred.  As a general rule, a breach of contract action for defective construction and design accrues upon completion of performance, i.e., the completion of the actual physical work (*see City School Dist. of City of Newburgh v Stubbins & Assoc.*, 85 NY2d 535, 538; *Cabrini Med. Ctr. v Desina*, 64 NY2d 1059, 1061; *Phillips Constr. Co. v City of New York*, 61 NY2d 949, 951; *State of New York v Lundin*, 60 NY2d 987, 989).  Bovis, however, failed to establish its entitlement to judgment dismissing the complaint as time-barred as a matter of law because there are issues of fact as to when construction of the project was completed and when Bovis satisfied its obligations under the Agreement (*see Caleb v Sevenson Envtl. Servs., Inc.*, 19 AD3d 1090, 1091; *City of Rochester v Holmsten Ice Rinks*, 155 AD2d 939, 939; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Contrary to Bovis's further contention, we conclude that the court properly determined that it is premature to grant Bovis's motion for summary judgment dismissing the YMCA's first cause of action, for breach of contract, because discovery has not been completed, including depositions concerning Bovis's performance of its

obligations under the Agreement (*see* CPLR 3212 [f]; *Coniber v Center Point Transfer Sta., Inc.*, 82 AD3d 1629, 1629; *Syracuse Univ. v Games 2002, LLC*, 71 AD3d 1531, 1531-1532).  We agree with Bovis, however, that the court should have granted its motion insofar as it sought summary judgment dismissing the YMCA's second cause of action, for unjust enrichment.  Recovery for unjust enrichment is barred by the existence of a valid and enforceable contract between the YMCA and Bovis (*see Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561, 572; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388; *Leo J. Roth Corp. v Trademark Dev. Co., Inc.*, 90 AD3d 1579, 1581, *lv denied* 92 AD3d 1269).  We therefore modify the order in appeal No. 2 accordingly.

Entered:  September 28, 2012                        Frances E. Cafarell
                                                   Clerk of the Court