# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1382
CA 13-01072
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

---

JONATHAN L. HABERL AND MARIA HABERL,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

VERIZON NEW YORK, INC., DEFENDANT-RESPONDENT,
AND GLOBAL INDUSTRIAL SERVICES, INC.,
DEFENDANT-APPELLANT,
-----------------------------------------------
VERIZON NEW YORK, INC., THIRD-PARTY PLAINTIFF,

V

ONE COMMUNICATIONS CORPORATION,
THIRD-PARTY DEFENDANT.

---

PETRONE & PETRONE, P.C., WILLIAMSVILLE (JAMES H. COSGRIFF, III, OF
COUNSEL), FOR DEFENDANT-APPELLANT.

CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

     Appeal from an order of the Supreme Court, Erie County (John L.
Michalski, A.J.), entered December 11, 2012 in a personal injury
action.  The order denied the motion of defendant Global Industrial
Services, Inc. for summary judgment dismissing the complaint and all
cross claims against it.

     It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted
and the complaint and all cross claims against defendant Global
Industrial Services, Inc. are dismissed.

     Memorandum:  Plaintiffs commenced this action to recover damages
for injuries allegedly sustained by Jonathan L. Haberl (plaintiff)
when he slipped and fell on a wet floor at premises owned by
defendant-third-party plaintiff Verizon New York, Inc. (Verizon), and
maintained by defendant Global Industrial Services, Inc. (Global).  We
conclude that Supreme Court erred in denying Global's motion for
summary judgment seeking dismissal of the complaint and all cross
claims against it.

     Global contends that it is entitled to summary judgment because
it did not owe plaintiff a duty of care, and we agree.  It is well

settled that, "[b]ecause a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138).  Here, Global established as a matter of law that it did not owe any duty to plaintiff, and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Although Global had entered into a contract with Verizon to provide cleaning and snow removal services at the premises, as a general rule "a contractual obligation, standing alone, will . . . not give rise to tort liability in favor of a third party," i.e., a person who is not a party to the contract (*Espinal*, 98 NY2d at 138; *see Church v Callanan Indus.*, 99 NY2d 104, 111).  Plaintiffs contend that an exception to that general rule applies here, i.e., "where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, 'launche[s] a force or instrument of harm' " (*Espinal*, 98 NY2d at 140), thereby "creat[ing] an unreasonable risk of harm to others, or increas[ing] that risk" (*Church*, 99 NY2d at 111).  We reject that contention because the instrument of harm doctrine does not apply to the facts of this case (*see generally id.* at 111-112; *Cooper v Time Warner Entertainment-Advance/Newhouse Partnership*, 16 AD3d 1037, 1038-1039).  Finally, we agree with Global that Verizon is not entitled to contractual indemnification inasmuch as Global established as a matter of law that it was not negligent in performing its duties pursuant to the contract, and Verizon failed to raise an issue of fact (*see generally Zuckerman*, 49 NY2d at 562; *cf. Walter v United Parcel Serv., Inc.*, 56 AD3d 1187, 1188).

Entered:  January 3, 2014                         Frances E. Cafarell
                                                  Clerk of the Court