■ Barbara Divens et al., Respondents, v Finger Lakes Gaming and Racing Association, Inc., et al., Appellants-Respondents, and Ramsey Constructors, Inc., Respondent-Appellant/Third-Party Defendant-Respondent-Appellant. LPCiminelli, Inc., Third-Party Plaintiff-Appellant-Respondent. [57 NYS3d 575]—

Appeal and cross appeal from an order of the Supreme Court, Steuben County (Marianne Furfure, A.J.), entered December 2, 2015. The order, among other things, denied the cross motions of defendants for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the cross motion of defendant-third-party defendant in part and dismissing the cross claims for common-law indemnification against it and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Barbara Divens (plaintiff) when she tripped and fell on or from a temporary walkway on casino premises owned by defendant Finger Lakes Gaming and Racing Association, Inc. (Finger Lakes) and undergoing reconstruction by defendant LPCiminelli, Inc. (Ciminelli) and defendant-third-party defendant Ramsey Constructors, Inc. (Ramsey). Insofar as pertinent herein, upon being sued by plaintiffs, Finger Lakes and Ciminelli interposed cross claims against Ramsey for contractual and common-law indemnification. Supreme Court denied defendants' respective cross motions for summary judgment dismissing the second amended complaint against them and for summary judgment with respect to the cross claims for indemnification. Finger Lakes and Ciminelli appeal, and Ramsey cross-appeals.

Supreme Court properly denied those parts of the cross motions for summary judgment dismissing the second amended complaint. We reject defendants' contentions that there was no non-trivial defect in the temporary walkway and that plaintiff can only speculate as to the cause of her fall. "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case . . . , including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977-978 [1997] [internal quotation marks omitted]). The existence or non-existence of a defect " 'is generally a question of fact for the jury' " (*id.* at 977; *see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 77 [2015]). Thus, "there is no minimal dimension test or per se rule that a defect must be of a certain minimum height or depth in order to be actionable . . . and therefore . . . granting summary judgment to a defendant based exclusively on the

dimension[s] of the . . . defect is unacceptable" (*Hutchinson*, 26 NY3d at 77 [internal quotation marks omitted]). Here, the record contains testimony and averments from plaintiff and her husband describing, as well as photographs depicting, the alleged defect and its location. Such evidence, considered as a whole, "render[s] any other potential cause of [plaintiff's] fall [apart from the identified alleged defect] sufficiently remote or technical to enable [a] jury to reach [a] verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (*Nolan v Onondaga County*, 61 AD3d 1431, 1432 [2009] [internal quotation marks omitted]; *see Rinallo v St. Casimir Parish*, 138 AD3d 1440, 1441 [2016]).

We further conclude that defendants failed to meet their initial burden of establishing on their respective cross motions that they did not create the alleged dangerous condition and did not have actual or constructive notice of it (*see Cleary v Walden Galleria LLC*, 145 AD3d 1524, 1526 [2016]; *Ramirez Gabriel v Johnston's L.P. Gas Serv., Inc.*, 143 AD3d 1228, 1230-1231 [2016]). Plaintiffs in any event raised triable issues of fact on those matters (*see Cleary*, 145 AD3d at 1526; *Mandzyk v Manor Lanes*, 138 AD3d 1463, 1464-1465 [2016]). We further conclude that Ramsey may be deemed to have owed and breached a duty to plaintiff if, as alleged, Ramsey constructed the walkway in an unduly dangerous or defective condition (*see Schosek v Amherst Paving, Inc.*, 11 NY3d 882, 883 [2008], *revg* 53 AD3d 1037 [2008]; *Cumbo v Dormitory Auth. of State of N.Y.*, 71 AD3d 1513, 1514 [2010]; *see generally Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]).

Concerning those parts of the cross claims by Finger Lakes and Ciminelli against Ramsey for contractual indemnification, we conclude that the savings language of the indemnification provision precludes a finding that the provision is void on its face pursuant to General Obligations Law § 5-322.1 (*see Charney v LeChase Constr.*, 90 AD3d 1477, 1479 [2011]; *see also Brooks v Judlau Contr., Inc.*, 11 NY3d 204, 209-211 [2008]). However, an "indemnification agreement will be deemed void and unenforceable if the party seeking indemnification was itself negligent . . . , and Ciminelli [and Finger Lakes] failed to establish that [they were] not negligent as a matter of law" (*Giglio v St. Joseph Intercommunity Hosp.*, 309 AD2d 1266, 1268 [2003], *amended on rearg* 2 AD3d 1485 [2003]; *see Smith v Nestle Purina Petcare Co.*, 105 AD3d 1384, 1387 [2013]). By the same token, if Ramsey, or anyone for whom or which Ramsey is responsible, ultimately is found by the trier of fact not to have been negligent, Ciminelli and Finger Lakes will, by

the explicit terms of the indemnification provision, be precluded from obtaining indemnification from Ramsey (*see Bellreng v Sicoli & Massaro, Inc.* [appeal No. 2], 108 AD3d 1027, 1031 [2013]; *Sheridan v Albion Cent. School Dist.*, 41 AD3d 1277, 1279 [2007]). Given the questions of fact concerning the alleged negligence of the various defendants, neither Ciminelli and Finger Lakes nor Ramsey are entitled now to prevail as a matter of law on the cross claims for contractual indemnification.

We conclude, however, that the court erred in denying that part of the cross motion of Ramsey for summary judgment dismissing the cross claims of Ciminelli and Finger Lakes for common-law indemnification against it. We modify the order accordingly. Because the "predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine" (*Trustees of Columbia Univ. v Mitchell/Giurgola Assoc.*, 109 AD2d 449, 453 [1985]; *see Genesee/Wyoming YMCA v Bovis Lend Lease LMB, Inc.*, 98 AD3d 1242, 1244-1245 [2012]). "Here, the liability of [Ciminelli and Finger Lakes on] the main [claim,] if any, is not vicarious or secondary," but rather would be based on their own alleged negligence (*Genesee/Wyoming YMCA*, 98 AD3d at 1245; *see Great Am. Ins. Co. v Canandaigua Natl. Bank & Trust Co.*, 23 AD3d 1025, 1028 [2005], *lv dismissed* 7 NY3d 741 [2006]). "Thus, even viewing the allegations of [those parts of the cross claims] as true, we conclude that [Ciminelli and Finger Lakes] failed to state a cause of action for common-law indemnification against [Ramsey]" (*Genesee/Wyoming YMCA*, 98 AD3d at 1245; *see Great Am. Ins. Co.*, 23 AD3d at 1028). Present— Centra, J.P., Lindley, DeJoseph, NeMoyer and Scudder, JJ.