Konrad Devs., LLC v Holbrook Heating, Inc. (2018 NY Slip Op 00760)





Konrad Devs., LLC v Holbrook Heating, Inc.


2018 NY Slip Op 00760


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, TROUTMAN, AND WINSLOW, JJ.


1490 CA 17-00820

[*1]KONRAD DEVELOPERS, LLC, PLAINTIFF-RESPONDENT,
v
HOLBROOK HEATING, INC., DOING BUSINESS AS HOLBROOK HEATING AND AIR CONDITIONING, DEFENDANT-APPELLANT. 






HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LYNCH LAW OFFICE, PLLC, SYRACUSE (RYAN ABEL OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered May 24, 2016. The order, insofar as appealed from, denied the motion of defendant for summary judgment insofar as it sought dismissal of the indemnification claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In December 2008, plaintiff entered into a contract for the construction of a residence, agreeing to "furnish all labor and materials to construct and complete the project . . . in a good and workmanlike manner." Plaintiff subcontracted with defendant for the installation of a heating, air conditioning, and hot water system at the residence. During the course of the construction defendant submitted a series of invoices to plaintiff, which paid the invoices in full, with the final invoice being paid on July 29, 2009. Plaintiff thereafter filed a mechanics' lien and commenced an action against the owners of the residence seeking, inter alia, to foreclose the lien and to recover the sums allegedly remaining due for plaintiff's work on the project. The owners of the residence asserted a counterclaim against plaintiff, alleging that plaintiff breached the construction contract and, as a result, the owners "were forced to complete, correct and repair certain defective work."
On August 7, 2015, plaintiff commenced the instant action asserting causes of action for breach of contract and "contribution and/or indemnification". Defendant thereafter moved for summary judgment dismissing the complaint. Supreme Court granted the motion in part, dismissing the first cause of action as time-barred and the second cause of action insofar as it sought contribution (see CPLR 213 [2]).
At the outset, we note that, inasmuch as plaintiff did not cross-appeal from the order, its contentions with respect to that part of the order dismissing the first cause of action, for breach of contract, are not properly before us (see Hecht v City of New York, 60 NY2d 57, 61 [1983]; Matter of Baker Hall v City of Lackawanna Zoning Bd. of Appeals, 109 AD3d 1096, 1097 [4th Dept 2013]).
On defendant's appeal, we conclude that the court properly denied the motion to the extent that it sought summary judgment dismissing the indemnification claim. Contrary to defendant's contention, we conclude that the lack of privity between defendant and the owners of the residence has no bearing on plaintiff's entitlement, if any, to common-law or implied indemnification. "Indemnification is [t]he right of one party to shift the entire loss to another' and may be based upon an express contract or an implied obligation' " (Genesee/Wyoming YMCA v Bovis Lend Lease LMB, Inc., 98 AD3d 1242, 1244 [4th Dept 2012], quoting Bellevue S. [*2]Assoc. v HRH Constr. Corp., 78 NY2d 282, 296 [1991], rearg denied 78 NY2d 1008 [1991]). We reject defendant's further contention that common-law or implied indemnification is not available in an action alleging breach of contract by the proposed indemnitee (see e.g. Board of Educ. of Hudson City Sch. Dist. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 29-30 [1987]; Genesee/Wyoming YMCA, 98 AD3d at 1243; Westbank Contr., Inc. v Roundout Val. Cent. Sch. Dist., 46 AD3d 1187, 1189 [3d Dept 2007]; 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am., 259 AD2d 75, 80 [1st Dept 1999]; Trustees of Columbia Univ. v Mitchell/Giurgola Assoc., 109 AD2d 449, 452 [1st Dept 1985]). Moreover, it is of no moment whether the counterclaim asserted by the owners of the residence extends to work on the residence that was not performed by defendant inasmuch as plaintiff's "alleged wrongdoing with respect to these other obligations did not impair its right to seek indemnification on the claim relating to the [heating, air conditioning and hot water] system" installed by defendant (17 Vista Fee Assoc., 259 AD2d at 82, see Mas v Two Bridges Assoc., 75 NY2d 680, 689-690 [1990]).
Having concluded that the indemnification claim is legally viable, we further conclude, based upon the evidence in the record, that defendant failed to meet its burden of "establish[ing], prima facie, that it was entitled to judgment as a matter of law dismissing the common-law indemnification claim by demonstrating that the [alleged loss] was not due solely to its negligent performance or nonperformance of an act solely within its province" (Proulx v Entergy Nuclear Indian Point 2, LLC, 98 AD3d 492, 493 [2d Dept 2012]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court