Kuznik-DeFranco v Cushman & Wakefield, Inc. (2021 NY Slip Op 03691)





Kuznik-DeFranco v Cushman & Wakefield, Inc.


2021 NY Slip Op 03691


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND TROUTMAN, JJ.


200.1 CA 20-00365

[*1]DAWN KUZNIK-DEFRANCO, PLAINTIFF-RESPONDENT,
v
CUSHMAN & WAKEFIELD, INC., DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 






FELDMAN KIEFFER, LLP, BUFFALO (ADAM C. FERRANDINO OF COUNSEL), FOR DEFENDANT-APPELLANT.
COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (ETHAN W. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered December 11, 2019. The order denied the motion of defendant Cushman & Wakefield, Inc. for summary judgment dismissing the amended complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this premises liability action, defendant-appellant (defendant) appeals from an order that denied its motion for summary judgment dismissing the amended complaint against it. Contrary to defendant's contention, it failed to establish that the alleged defect that caused plaintiff to fall was trivial as a matter of law (see generally Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 78 [2015]). In support of its motion, defendant submitted plaintiff's deposition testimony, wherein she explained that there was a several-inch-deep hole in the sidewalk next to a sidewalk grate and that she fell when her foot became caught between the hole and the sidewalk grate, the latter of which was raised approximately "an inch and a half or so" above the level of the sidewalk. Thus, although defendant asserts that the hole was a design element of the sidewalk grate intended to accommodate a support beam for the grate, the dangerous condition alleged here is the combination of that hole and the raised sidewalk grate that occurred in a "heavily traveled walkway—where pedestrians are naturally distracted from looking down at their feet" (id.; see Brenner v Herricks Union Free Sch. Dist., 106 AD3d 766, 767 [2d Dept 2013]). Thus, we also reject defendant's alternative contention that, if the dangerous condition were not trivial as a matter of law, then it was so open and obvious that it warranted dismissing plaintiff's failure to warn claim (see Hayes v Texas Roadhouse Holdings, LLC, 100 AD3d 1532, 1533-1534 [4th Dept 2012]).
Contrary to its further contention, defendant failed to meet its " 'initial burden of establishing that it did not create the alleged dangerous condition and did not have actual or constructive notice of it' " (King v Sam's E., Inc., 81 AD3d 1414, 1414-1415 [4th Dept 2011]; see Divens v Finger Lakes Gaming & Racing Assn., Inc., 151 AD3d 1640, 1642 [4th Dept 2017]). Supreme Court therefore properly denied the motion regardless of the sufficiency of the opposition papers (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court