OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and a new trial granted.
This products liability action was brought for injuries sustained by one of the plaintiffs after being sprayed with insect repellent manufactured by defendant. Plaintiffs, alleging that ethyl alcohol fumes from the insect repellent ignited upon a discharge of static electricity from a television set, claim both that defendant’s product was defectively designed and that defendant failed adequately to warn of the dangers in using the product.
At trial, evidence was admitted over defendant’s objection that, subsequent to the manufacture of the can of insect repellent involved in the accident, but prior to the accident itself, defendant changed the label placed on cans of insect repellent to make the warning contained thereon more comprehensive. This was reversible error. As this court explained in Cover v Cohen (61 NY2d 261, 270-271), evidence of a manufacturer’s postmanufacture, preaccident modification is not admissible to establish fault in a strict products liability case based upon a defect in design or failure to warn. We noted two limited exceptions to the rule: where the plaintiff *712 seeks to establish the feasibility of design alternatives and where the postmanufacture modification is relevant to establish the manufacturer’s failure to warn of a known risk or defect. Neither of these is applicable in this case.
Feasibility was never in issue and, indeed, it is obvious that the modification of a warning label presents none of the difficulties typically involved in feasibility questions (compare, Opera v Hyva, Inc., 86 AD2d 373, 375; Bolm v Triumph Corp., 71 AD2d 429, 437, lv dismissed 50 NY2d 928). Nor was evidence of the modified warning label admissible as bearing on the continuing duty to warn. There was no evidence that, at any time prior to the accident, defendant was put on notice of a danger or defect in the product and, clearly, the modification itself cannot be received as an admission that defendant knew that the original warning label was inadequate (see, Cover v Cohen, supra, at pp 274-275).
The trial court’s instruction to the jury on "products defect” was also error. The charge failed to apprise the jury that, in order to determine whether defendant’s product as marketed was reasonably safe for its intended use, the product’s risks must be balanced against its utility and affordability, and against the risks, utility and costs of alternatively designed products (see, Cover v Cohen, supra, at pp 266-267; Voss v Black & Decker Mfg. Co., 59 NY2d 102, 109; PJI 2:141 [1986 Supp]).
We do not, however, find error in the trial court’s ruling with regard to proof of future medical consequences of the injuries in question (see, Matott v Ward, 48 NY2d 455, 461; Richardson, Evidence § 372 [10th ed]).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.