■ CITY OF ROCHESTER, Respondent, v HOLMSTEN ICE RINKS, INC., et al., Appellants and Third-Party Plaintiffs-Respondents. FRANK L. CIMINELLI CONSTRUCTION CO., INC., Third-Party Defendant-Appellant, et al., Third-Party Defendants. (Appeal No. 1.)—Order unanimously affirmed without costs. Memorandum: Plaintiff (City) commenced this action for damages resulting from the faulty design and construction of an ice-skating rink at Genesee Valley Park. The City sued defendants Holmsten Ice Rinks, Inc. (Holmsten), the prime contractor, and Corgan and Balestiere, P. C. (Corgan), the architect. Defendants impleaded third-party defendants Frank L. Ciminelli Construction Co., Inc. (Ciminelli), a subcontractor which poured the concrete, and Sear-Brown Associates, P. C. (Sear-Brown), the consulting engineer. The ice rink was built between 1976 and 1977 and was used during the succeeding winters until February 1982, when a major loss of Freon occurred through holes or "voids" in the concrete. This caused damage to the refrigeration piping and the rink had to be shut down. The City seeks damages for the cost of repair or replacement of the rink and loss of revenue generated by user fees.

Supreme Court properly denied summary judgment to Holmsten. Holmsten has not established its Statute of Limitations defense as a matter of law because there is an issue of fact when construction was completed *(see, Banks v DeMillo,* 145 AD2d 903). There is also a question of fact whether Holmsten caused the damage to the rink since it supplied the piping and materials for construction.

Supreme Court properly denied summary judgment to Corgan because there is a question of fact whether it breached its contractual duty to inspect and supervise the construction, including the concrete pour, and to guard the City against defects in the work. Corgan's claim that it cannot be liable because it did not create the rink specifications but merely

obtained them from Holmsten is belied by deposition testimony, which indicates that Corgan did not obtain specifications from other rinks built by Holmsten for comparison and was unaware that those rinks used cast iron pipe instead of steel pressure tubing that was used in the Genesee Valley Park rink.

Supreme Court properly denied Ciminelli summary judgment against Holmsten and Corgan in the third-party action. An attorney's affidavit containing verbatim references to an expert's opinion and attached documentary evidence, including a core sample and photographs, was properly considered (see, Getlan v Hofstra Univ., 41 AD2d 830, 831, appeal dismissed 33 NY2d 646) and established that a cause of the problem with the rink was substandard concrete strength and unsatisfactory control of concrete mixing, which created voids in the concrete. Under its subcontract with Holmsten, Ciminelli had sole supervision and control of the concrete work. Supreme Court also properly denied Ciminelli summary judgment dismissing Holmsten's indemnification claim because Holmsten raised an issue of fact whether Ciminelli caused the damage, thus creating a possibility of liability shifting to Ciminelli under the indemnification clause in the subcontract.

Supreme Court erred, however, in not dismissing the contribution claims by Holmsten and Corgan against Ciminelli and Sear-Brown. The only basis for liability of Holmsten and Corgan to the City is for breach of contract. Thus they would be liable only for economic loss and contribution is not available (see, Board of Educ. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21). The City's negligence causes of action are time barred. Supreme Court mischaracterized the relief the City seeks as damages for injury to property (see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., 70 NY2d 382, 390). Breach of contract damages do not constitute injury to property within the meaning of the contribution statute (see, CPLR 1401; Lippes v Atlantic Bank, 69 AD2d 127, 140).

Supreme Court also erred in denying Sear-Brown's motion for summary judgment dismissing the claims of indemnification against it by Holmsten and Corgan. Sear-Brown had no contract with either defendant and had nothing to do with the preparation of plans, or the selection of the contractor or subcontractors. The City's complaint charges Holmsten and Corgan only with direct liability for breach of contract and not vicarious liability based upon their relationship to another party. Thus, there is no basis for express or implied indemnity against Sear-Brown. (Appeal from order of Supreme Court,

Monroe County, Curran, J.—summary judgment.) Present—Denman, J. P., Boomer, Green, Pine and Davis, JJ.