■ LAWRENCE DEVELOPMENT CORPORATION, Plaintiff, v JOBIN WATERPROOFING, INC., Defendant and Third-Party Plaintiff-Appellant. HRH CONSTRUCTION CORPORATION, et al., Third-Party Defendants-Respondents. (Appeal No. 1.)—Appeal unanimously dismissed without costs as moot *(see, 100 Hudson Tenants Corp. v Laber,* 98 AD2d 692; *Mattsson v Johns-Manville Prods. Corp.,* 78 AD2d 793, *lv dismissed* 53 NY2d 675). (Appeal from order of Supreme Court, Queens County, Katz, J.—dismiss third-party complaint.) Present—Boomer, J. P., Green, Pine, Balio and Lawton, JJ.

■ LAWRENCE DEVELOPMENT CORPORATION, Plaintiff, v JOBIN WATERPROOFING, INC., Defendant and Third-Party Plaintiff-Appellant. SKIDMORE, OWINGS & MERRILL, Third-Party Defendant-Respondent, et al., Third-Party Defendants. (Appeal No. 2.)—Order unanimously affirmed with costs. Memorandum: Defendant and third-party plaintiff, Jobin Waterproofing, was hired by plaintiff, itself a subcontractor, to furnish and install sealant between the granite panels of the plaza surrounding the headquarters building for Manufacturers Hanover Trust Company in New York City. Prior to its performance, Jobin sought a change in the type of sealant specified in the contract, suggesting that the specified sealant was inappropriate for the work. Skidmore, Owings & Merrill, the architectural firm that prepared the contract specifications, insisted upon the sealant called for by the specifications, and Jobin was directed to perform its contract. The general contractor thereafter rejected Jobin's sealant work, and Jobin refused to repair or replace its work, as required by its contract. Plaintiff commenced this action to recover the cost of replacement of the sealant. Jobin instituted a third-party action against several third-party defendants, seeking contribution and indemnity if held liable to plaintiff. The only issue before us is whether Supreme Court erred in granting the architect's motion to dismiss the amended third-party complaint. We conclude that dismissal was proper.

The law is well settled that the remedy of contribution is not available to a defendant whose potential liability to the plaintiff is for economic loss resulting from an alleged breach of contract relating to a construction project (*see, Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21, 28-29; *City of Rochester v Holmsten Ice Rinks,* 155 AD2d 939, 940). Also, because plaintiff seeks to hold defendant liable for its active negligence and breach of contract, defendant has no cause of action against the architect based upon the theory of implied indemnity *(see, Board of Educ. v Sargent, Webster, Crenshaw & Folley, supra,* at 27; *City of Rochester v Holmsten Ice Rinks, supra,* at 940). (Appeal from order of Supreme Court, Queens County, Katz, J.—dismiss amended third-party complaint.) Present—Boomer, J. P., Green, Pine, Balio and Lawton, JJ.