■ BRENT C. CALEB et al., Respondents, v SEVENSON ENVIRONMENTAL SERVICES, INC., Appellant. (Appeal No. 1.) [796 NYS2d 806]—

Appeal from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered April 30, 2004. The order denied defendant's motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages resulting from defendant's alleged breach of an agreement providing, inter alia, for defendant to construct a pond on their property. Supreme Court properly denied defendant's motion seeking summary judgment dismissing the complaint as time-barred. As a general rule, an action against a contractor for defective construction accrues upon completion of performance, i.e., the completion of the actual physical work (*see City School Dist. of City of Newburgh v Stubbins & Assoc.*, 85 NY2d 535, 538 [1995]; *Phillips Constr. Co. v City of New York*, 61 NY2d 949, 951 [1984], *rearg denied* 62 NY2d 646 [1984]). Defendant, however, failed to establish its entitlement to judgment dismissing the complaint as time-barred as a matter of law because there are issues of fact when construction was completed (*see City of Rochester v Holmsten Ice Rinks*, 155 AD2d 939 [1989]) and, indeed, whether it was completed. There is also an issue of fact whether a letter signed by defendant's president acknowledging the obligation of defendant to complete work under the contract had the effect of "restarting the statute of limitations" (*Fade v Pugliani/Fade*, 8 AD3d 612, 613 [2004]; *see* General Obligations Law § 17-101; *Estate of Vengroski v Garden Inn*, 114 AD2d 927, 928 [1985]). Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Smith, JJ.