■ In the Matter of BETTY J. SUTTON, Respondent, v SHANE MUNDY, Appellant. [807 NYS2d 185]—Kane, J. Appeal from an order of the Family Court of Chenango County (Campbell, J.), entered July 26, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to find respondent in willful violation of a prior order of support and placed respondent on probation.

In April 2003, petitioner filed an application alleging that respondent violated the Support Magistrate's March 2003 support order requiring respondent to pay $150 per week. Around the same time, respondent filed objections to that support order, resulting in Family Court's May 2003 order modifying the March 2003 order to $75 per week. Also in May 2003, the Support Magistrate entered an order upon default, based on respondent's failure to appear, finding that respondent willfully violated the March 2003 order. Respondent, acting pro se, filed objections to the violation finding and moved to dismiss that finding based on improper service. Family Court (Sullivan, J.) did not issue a decision on the dismissal motion or address service of the summons and found that respondent willfully violated its May 2003 order. The court (Campbell, J.) then placed respondent on probation. Respondent appeals.

Respondent's challenge to Family Court's May 2003 support order is not properly before this Court because he did not appeal from that order and the time to appeal has expired (*see Matter of Carella v Collins*, 228 AD2d 725, 726 [1996], *appeal dismissed and lv denied* 89 NY2d 854 [1996]).

Family Court erred in failing to address respondent's dismissal motion based on lack of service. Without proper service of the violation summons, the default finding was improper and the entire proceeding may need to be dismissed based on lack of personal jurisdiction (*see* Family Ct Act § 427 [c]; § 453 [b], [c]). We therefore withhold decision on this appeal and remit to Family Court for a hearing or determination regarding whether proper service of the summons was effected.

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Family Court of Chenango County for further proceedings not inconsistent with this Court's decision.