■ In the Matter of CHENANGO COUNTY DEPARTMENT OF PROBATION, Respondent, v SHANE MUNDY, Appellant. [827 NYS2d 889]—Kane, J. Appeal from an order of the Family Court of Chenango County (Campbell, J.), entered November 19, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to find respondent in violation of the terms of his probation and sentenced him to a six-month jail term.

Family Court issued an order placing respondent on probation after finding that he willfully violated an order of support. This Court previously held this case in abeyance (24 AD3d 1129 [2005]) pending the determination of Family Court in a companion case (*Matter of Sutton v Mundy*, 30 AD3d 698 [2006]; *Matter of Sutton v Mundy*, 24 AD3d 1128 [2005]). We have now reversed the original support violation order and dismissed the petition in that companion case because the court lacked personal jurisdiction over respondent (*Matter of Sutton v Mundy*, 37 AD3d 942 [2007] [decided herewith]). As we previously indicated in the event that the companion case was reversed, because "the court lacked jurisdiction to enter the original support violation order, the order is not merely erroneous but void and respondent cannot be punished for failing to comply with that order" (24 AD3d 1129, 1129 [2005], *supra*; *see Matter of Bickwid v Deutsch*, 229 AD2d 533, 534-535 [1996], *lv denied* 89 NY2d 802 [1996]; *Matter of Village of St. Johnsville v Triumpho*, 220 AD2d 847, 848 [1995], *lv denied* 87 NY2d 809 [1996]; *see also People v Malone*, 3 AD3d 795, 797 [2004], *lv denied* 2 NY3d 763 [2004]). He is thus entitled to a reversal.

Respondent's requests for monetary damages and other relief are not properly before this Court.

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.