BRENT C. CALEB et al., Appellants, v SEVENSON ENVIRONMENTAL SERVICES, INC., Respondent. [899 NYS2d 778]—

Appeal from an order and judgment (one paper) of the Supreme Court, Orleans County (James H. Dillon, J.), entered December 23, 2008 in a breach of contract action. The order and judgment granted defendant's motion for a directed verdict and dismissed the amended complaint.

It is hereby ordered that the order and judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, the amended complaint is reinstated, and a new trial is granted.

Memorandum: Plaintiffs commenced this action seeking, inter alia, damages for breach of a contract pursuant to which defendants were to construct a pond on plaintiffs' property. On a prior appeal, this Court affirmed the order denying defendant's motion for summary judgment dismissing the complaint as time-barred. We held that defendant "failed to establish its entitlement to judgment dismissing the complaint as time-barred as a matter of law because there are issues of fact when construction

was completed . . . and, indeed, whether it was completed. There is also an issue of fact whether a letter signed by defendant's president acknowledging the obligation of defendant to complete work under the contract had the effect of 'restarting the statute of limitations' " (*Caleb v Sevenson Envtl. Servs., Inc.*, 19 AD3d 1090, 1091 [2005]). A jury trial was held, and defendant moved for a directed verdict at the close of plaintiffs' case. We conclude that Supreme Court erred in granting the motion and in dismissing the amended complaint as time-barred.

It is well established that " '[a] denial of a motion for summary judgment is not necessarily *res judicata* or the law of the case that there is an issue of fact in the case that will be established at the trial' " (*Wyoming County Bank v Ackerman*, 286 AD2d 884 [2001]). Nevertheless, "[i]f the facts at [trial] are substantially the same as those presented in the prior appeal, the trial court must adhere to this [C]ourt's determination of the controverted questions of law" (*Bolm v Triumph Corp.*, 71 AD2d 429, 434 [1979], *lv dismissed* 50 NY2d 801, 928 [1980]). Because we concluded in the prior appeal that there is a triable issue of fact whether the letter signed by defendant's president restarted the statute of limitations (*Caleb*, 19 AD3d 1090 [2005]; *see* General Obligations Law § 17-101), the court was bound by the doctrine of law of the case to submit that issue to the jury. Moreover, despite the expanded record in this appeal, there are triable issues of fact with respect to whether construction was completed and, if so, when it was completed (*see City of Rochester v Holmsten Ice Rinks*, 155 AD2d 939 [1989]). Present—Smith, J.P., Fahey, Carni, Sconiers and Pine, JJ.