■ MANUEL REIS et al., Appellants-Respondents, v VOLVO CARS OF NORTH AMERICA et al., Respondents-Appellants. (And a Third-Party Action.) [964 NYS2d 125]—

Judgment, Supreme Court, New York County (Marcy S. Friedman, J.), entered September 2, 2011, after a jury trial, awarding plaintiff damages on his negligence claim, modified, on the law, to reduce the jury's award for future household relocation and modification costs by $168,000, and otherwise affirmed, without costs.

The trial court properly set aside the jury's verdict on plaintiffs' failure to warn claim. The trial court was bound by our decision of May 4, 2010 (73 AD3d 420 [1st Dept 2010]), which was issued after the jury rendered its verdict but before the judgment was entered, modifying the motion court's decision denying defendants' motion for dismissal of that claim (see Caleb v Sevenson Envtl. Servs., Inc., 72 AD3d 1517 [4th Dept 2010]). Plaintiffs did not cure the deficiency in their opposition to that motion with the evidence they offered at trial, and defendants did not waive their appeal by failing to seek a stay of the trial.

Plaintiffs' experts testified that in 1987 many major car manufacturers, including General Motors, Ford, Nissan, Mazda and Toyota, equipped their manual transmission cars with a starter safety switch that would prevent a car from moving if someone reached in and started the car while it was in gear. The trial court properly instructed the jury that in determining the negligent design claim it first had to decide whether, from the evidence at trial, there was a general custom or practice by automobile manufacturers selling manual transmission vehicles in the United States in 1987. The proof adduced at trial was sufficient to permit a jury to conclude that the practice was fairly well defined in the car manufacturing industry. Plaintiffs were not required to prove universal application of the practice in order for the jury to consider this question (see Trimarco v Klein, 56 NY2d 98 [1982]). The court further properly instructed the jury that if there was such a custom and practice, it could be considered along with all of the other facts and circumstances, in determining whether Volvo had exercised reasonable care (see John v Great Neck Union Free School Dist., 42 AD3d 437 [2d Dept 2007]). From all of the evidence in the record, including the experts' testimony, the jury reasonably concluded

that defendants were negligent in failing to use a starter interlock device in its vehicle (*Voss v Black & Decker Mfg. Co.*, 59 NY2d 102 [1983]). The trial court correctly denied defendants' motion for a directed verdict because there was sufficient evidence supporting plaintiffs' negligent design claim.

The trial court did not commit error by charging the jury on special knowledge (PJI 2:15) and customary business practices (PJI 2:16), as tailored to the facts of this case, in addition to PJI 2:120. The jury separately considered the issues of negligent design and strict products liability. PJI 2:120 applies to the claim of strict products liability, whereas PJI 2:15 and 2:16 apply to the negligent design claim. There is no reversible error because the charges did not confuse the jury or create any doubt as to the principle of law to be applied (*see Lopato v Kinney Rent-A-Car*, 73 AD2d 565 [1st Dept 1979]). Defendants' argument that the jury's verdict is inconsistent because it found that the 1987 Volvo was not defective without a starter interlock device, but that defendants were nevertheless negligent in how they designed this vehicle, is a claim not preserved for appeal (*Arrieta v Shams Waterproofing, Inc.*, 76 AD3d 495, 496 [1st Dept 2010], citing *Barry v Manglass*, 55 NY2d 803, 806 [1981]). Defendants did not raise this objection before the jury was discharged, although they had the opportunity to do so. It was raised for the first time in their motion to set aside the verdict based upon the weight of the evidence (*see Knox v Piccorelli*, 83 AD3d 581 [1st Dept 2011]).

A comparative negligence charge (PJI 2:36) was unwarranted because there is no valid line of reasoning based on the trial evidence that would have permitted the factfinder to conclude that the injured plaintiff was negligent. There was no evidence that plaintiff knew or should have known that a car with a manual transmission can jump forward when started while in gear (*see Perales v City of New York*, 274 AD2d 349 [1st Dept 2000]).

The trial court properly admitted evidence of a nonparty manufacturer's postmanufacture, preaccident modification on the issue of feasibility regarding the failure to warn claim, which, although later dismissed, was before the jury at the time of trial (*see Haran v Union Carbide Corp.*, 68 NY2d 710 [1986]). The nonparty manufacturer's manual was properly admitted, with a limiting instruction, to prove what defendant knew or should have known about the dangers posed by its product. The manuals were not considered for the truth of their contents. The trial court did not abuse its discretion in permitting the use of demonstrative evidence to assist the jury (*see Rojas v City of*

*New York*, 208 AD2d 416, 417 [1st Dept 1994], *lv denied* 86 NY2d 705 [1995]), or in its management of jury requests for readback of testimony. The trial court, which was in the best position to review plaintiffs' counsel's comments on summation, correctly concluded that they were fair comment and did not warrant a new trial.

The court erred, however, in permitting plaintiffs' life-care expert to testify about the cost of plaintiffs' relocation and renovation costs in the amount of $168,000. Her opinion and calculations were based exclusively on subcontractors' quotes, which constituted hearsay, and were not further supported by any evidence of professional reliability (*Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 726 [1984]; *Ainetchi v 500 W. End LLC*, 51 AD3d 513 [1st Dept 2008]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Saxe, Moskowitz and Gische, JJ.

Tom, J.P., and Abdus-Salaam, J., dissent in part in a memorandum by Abdus-Salaam, J., as follows: I believe that the judgment must be vacated and the matter remanded for a new trial on the negligence claim. The court erred in charging PJI 2:16, which permits a jury to consider customary business practices in determining the standard of care. It was undisputed that in 1987, some manufacturers used safety switches, while others did not. Thus, there was no evidence of a customary procedure or policy that was "reflective of an industry standard or a generally-accepted safety practice" (1A PJI3d 2:16 at 260 [2013]), and the court should not have given this charge, which is based on the jury having heard such evidence. Given that the jury's verdict was inconsistent in that it found in favor of Volvo on the strict liability theory of recovery, but against Volvo on the negligence claim, I differ with the majority's view that the charge did not confuse the jury.