Paul J. Mula, Respondent, v Jo-Anne Mula, Appellant. [59 NYS3d 146]——

McCarthy, J. Appeal from an order of the Supreme Court (McGinty, J.), entered January 28, 2016 in Ulster County, which granted plaintiff's motion to renew and denied defendant's cross motion for an order directing plaintiff to pay certain expenses.

Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in November 1968. During the course of their marriage, the parties acquired two condominiums in St. Croix, unit N-3 and unit J-10. In January 2011, the husband commenced the underlying divorce action. Subsequently, a trial ensued and, in December 2014, Supreme Court granted, among other things, a divorce and determined that the parties' two St. Croix condominiums were marital property that should be sold, with "[t]he net proceeds of the sale . . . divided evenly between the parties." Thereafter, the husband appealed and the wife cross-appealed. In February 2015, while the appeals were pending, the wife moved, by order to show cause, for an order "clarifying" the term "net

---

proceeds," arguing that proceeds from sales of the condominiums should be used to satisfy a margin loan taken out against her separate investment, which she alleged constituted the funds used to purchase the condominiums, prior to being divided between her and the husband. The husband opposed the motion. In an April 2015 order, Supreme Court determined that it needed more information "to clarify how net proceeds should be calculated . . . as it specifically related to the St. Croix condominiums," and determined that a hearing should be held on the matter. That hearing occurred in August 2015.

In September 2015, before Supreme Court could render a further decision, this Court determined that, among other things, unit J-10 was the wife's separate property, but that unit N-3 was marital property, and, more specifically, that "unit N-3 . . . was purchased with the use of marital property as collateral" (131 AD3d 1296, 1301 n 5 [2015]). In light of this Court's decision, the husband moved to renew his opposition to the wife's motion to "clarify." Subsequently, the wife cross-moved for an order directing the husband to, among other things, pay his share of a margin loan allegedly used to acquire unit N-3. In a January 2016 order, Supreme Court granted the husband's motion and determined, among other things, that he had no obligation with regard to the payment of the margin loan. As such, the court denied the wife's cross motion. The wife appeals, and we affirm.

As an initial matter, "a motion to renew must be 'based upon new facts not offered on the prior motion that would change the prior determination . . . [and] shall contain reasonable justification for the failure to present such facts on the prior motion' " (*Kahn v Levy*, 52 AD3d 928, 929 [2008], quoting CPLR 2221 [e]). Here, the husband relied on this Court's decision, rendered after Supreme Court held a hearing on the wife's motion to "clarify," which unambiguously determined that "unit N-3 . . . was purchased with the use of marital property as collateral" (131 AD3d at 1301 n 5). As this Court's findings contradicted the wife's claim that the parties financed the purchase of unit N-3 through a margin loan taken out against her separate property, the court did not abuse its discretion in granting the husband's motion to renew (*see generally Hurrell-Harring v State of New York*, 112 AD3d 1217, 1218 [2013]).[1] Moreover, the court correctly found that this Court's decision,

---

1. We note that the issue of whether, in the first instance, Supreme Court was correct in holding a hearing to allow for additional proof is not before this Court, as the husband did not appeal from that order (*see generally Matter of Sutton v Mundy*, 24 AD3d 1128, 1128 [2005]).

decisively resolving the ambiguity that the wife alleged gave rise for the need for clarification, warranted denying the wife's cross motion upon the conclusion that "the husband is not responsible for the wife's separate margin loan obligation." This Court's determination that the funds used to purchase unit N-3 were derived from marital property is law of the case, binding on Supreme Court (*see Kenney v City of New York*, 74 AD3d 630, 631 [2010]; *Caleb v Sevenson Envtl. Servs., Inc.*, 72 AD3d 1517, 1518 [2010]), and the wife's contentions that the August 2015 hearing evidence establishes that she should be entitled to use the proceeds of the sale of unit N-3 to satisfy a margin loan debt is an improper attempt to relitigate an issue that she previously had a full and fair opportunity to litigate (*see Briggs v Chapman*, 53 AD3d 900, 901 [2008]).[2] "[I]n accordance with the sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as [j]udges and courts of [coordinate and lesser] jurisdiction are concerned" (*id.* at 902 [internal quotation marks and citation omitted]), we find no reason to disturb the court's determination that the wife was not entitled to satisfaction of her separate debt through the proceeds of the sale of unit N-3.

Peters, P.J., Egan Jr., Devine and Mulvey, JJ., concur. Ordered that the order is affirmed, with costs.

---

2. The wife did not move to reargue or appeal from this Court's decision.