Reutzel v Hunter Yes, Inc. (2018 NY Slip Op 07382)





Reutzel v Hunter Yes, Inc.


2018 NY Slip Op 07382


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

525922

[*1]SANDRA REUTZEL, Plaintiff,
v
HUNTER YES, INC., Defendant and Third-Party Plaintiff- Appellant; PARACO GAS CORPORATION, Third-Party Defendant- Respondent.

Calendar Date: September 6, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Pritzker, JJ.


Morrison Law Firm, PC, White Plains (Daniel W. Morrison of counsel), for defendant and third-party plaintiff-appellant.
Santacrose & Frary, Albany (Sean A. Tomko of counsel), for third-party defendant-respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Supreme Court (Fisher, J.), entered September 1, 2017 in Green County, which denied
defendant's motion in limine.
The facts of this case are set out in more detail in our prior decision (135 AD3d 1123 [2016]). As is relevant to this appeal, plaintiff, an employee of third-party defendant, Paraco Gas Corporation, slipped and fell while descending a rear external staircase of the building where she was employed in the Town of Hunter, Greene County. Defendant is the owner of the premises and leases the entire first floor and a portion of the basement level to Paraco. In August 2010, plaintiff commenced the underlying action against defendant and defendant thereafter commenced a third-party action against Paraco. After Supreme Court denied Paraco's motion for summary judgment dismissing the third-party complaint, plaintiff settled the main action against defendant for $500,000, and, in conjunction therewith, counsel for plaintiff stipulated that plaintiff bore "some culpable conduct with respect to the [subject] fall." Supreme Court then severed the third-party action, denied Paraco's request for an immediate trial and directed Paraco to file a note of issue.
Thereafter, Paraco again moved for summary judgment dismissing the third-party complaint, alleging, among other things, that plaintiff's admission of liability for the accident was [*2]an impermissible "Mary Carter" agreement and that General Obligations Law § 5-321 prohibited the enforcement of the indemnification clause. Defendant opposed the motion and cross-moved for summary judgment. Supreme Court (Platkin, J.) denied Paraco's motion and granted defendant's cross motion. Thereafter, Paraco appealed and this Court reversed the grant of summary judgment to defendant, finding that issues of fact existed that needed to be resolved prior to determining the indemnity claim (id. at 1125-1127). Such matter was scheduled for trial but, prior to the trial date, defendant filed a motion in limine seeking to limit the issues to be decided and to have the matter heard as a bench trial. Supreme Court (Fisher, J.) denied the motion in limine and Paraco now appeals. We affirm.
Defendant moved to limit the issues at trial to whether the insurance required of Paraco under the lease agreement had been procured, arguing that the good faith and reasonableness of defendant's settlement were decided by this Court, in our prior ruling, and, as such, cannot be readdressed. As a general matter, where an indemnitor has notice of the claims against the indemnitee, "the indemnitor will be bound by any reasonable good faith settlement the indemnitee might thereafter make" (Caruso v Northeast Emergency Med. Assoc., P.C., 85 AD3d 1502, 1507 [2011] [internal quotation marks and citation omitted]). In our previous decision, while we decided that the settlement, which was made in open court, was not a prohibited "Mary Carter" agreement (135 AD3d at 1124-1125), we did not consider whether the agreement was either reasonable or made in good faith [FN1]. Therefore, as this Court did not directly consider this issue, the law of the case is inapplicable, and Supreme Court properly denied the motion in limine as to this issue (see Mula v Mula, 151 AD3d 1326, 1328 [2017]; Rosen v Mosby, 148 AD3d 1228, 1233 [2017], lv dismissed 30 NY3d 1037 [2017]).
Finally, Supreme Court properly denied defendant's request that the matter be tried without a jury because a money judgment is being sought by defendant (see CPLR 4101 [a]), and the issues surrounding the good faith and reasonableness of the settlement agreement require factual determinations within the province of the jury (see Baker v Northeastern Indus. Park, 73 AD2d 753, 755 [1979]; see generally Caruso v Northeast Emergency Med. Assoc., P.C., 85 AD3d at 1507).
Garry, P.J., Egan Jr., Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Notably, this argument was not raised until after this Court's previous decision.