Matter of Commissioner of Broome County Social Servs. v Wagner (2022 NY Slip Op 01072)





Matter of Commissioner of Broome County Social Servs. v Wagner


2022 NY Slip Op 01072


Decided on February 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 17, 2022

529886
[*1]In the Matter of Commissioner of Broome County Social Services, on Behalf of Melisa A. Harbst, Respondent,
v
Robert J. Wagner Jr., Appellant.

Calendar Date:January 4, 2022

Before:Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ.

Lisa K. Miller, McGraw, for appellant.
Broome County Department of Social Services, Binghamton (Michael A. Somma of counsel), for respondent.



Lynch, J.
Appeal from an order of the Family Court of Broome County (Pines, J.), entered July 23, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of two prior orders of support, and committed respondent to jail.
Respondent is the father of the subject children (born in 2000 and 1998). A May 2013 Family Court order found respondent to be legally chargeable for the support of the children and directed him to pay $118 per week in child support.[FN1] In November 2018, petitioner, on behalf of the children's mother, filed a petition alleging that respondent violated the May 2013 order by failing to make the required payments. Respondent appeared and an order of disposition was entered on consent in January 2019, which found respondent to be in willful violation of the May 2013 order, continued the terms thereof, directed entry of a judgment against respondent for $2,354 in child support arrears owed to petitioner as of December 17, 2018, plus interest, and dismissed the violation petition, without prejudice, "contingent upon respondent making consistent periodic payments pursuant to the [May 2013] order."
After respondent failed to make the required payments, petitioner, on behalf of the mother, filed another violation petition in March 2019 alleging that respondent owed a total of $73,105.38 in child support arrears — of which $70,738.61 was due to the mother and $2,366.77 was owed to petitioner. An initial appearance was held before a Support Magistrate on April 8, 2019, at which the mother appeared by telephone. Recognizing that respondent had not received notice, the Support Magistrate adjourned the proceedings to May 28, 2019 to permit the mother an opportunity to have respondent served with the underlying papers.
On the May 28, 2019 adjourned date, the mother appeared by telephone, but respondent again failed to appear. The Support Magistrate noted that an affidavit of service had been filed demonstrating that respondent was personally served on May 1, 2019, declared him to be in default and proceeded with the fact-finding hearing in his absence. Following the hearing, the Support Magistrate found that respondent was in willful violation of the May 2013 and January 2019 support orders, directed entry of a judgment in favor of the mother in the amount of $54,360.82 (representing the outstanding child support arrears as of May 14, 2019), plus interest, recommended that respondent be remanded to jail for a total period of 12 months based on the violation of both orders and referred the matter to Family Court for confirmation (see Family Ct Act § 439 [a]).
Following a confirmation hearing — at which respondent appeared with counsel and disputed having been served with any papers for the fact-finding hearing — Family Court issued an order that confirmed the Support Magistrate's findings, adjudged respondent to be in willful violation of both orders and remanded [*2]him to the Broome County Jail to serve two consecutive six-month sentences, setting a purge amount at $75,754.39. Respondent appeals.[FN2]
Respondent maintains, in essence, that both the Support Magistrate and Family Court lacked personal jurisdiction over him because he was never served with the papers underlying the May 28, 2019 proceeding. He further asserts that Family Court erred in failing to hold a traverse hearing on the issue. In a proceeding to enforce a support order, personal jurisdiction may be obtained over the respondent through personal service of the summons and petition at least eight days before the scheduled appearance (see Family Ct Act §§ 427 [a]; 453 [c]). To that end, the mother presented an affidavit of service from Tara Bryan, who averred that she had known respondent for 25 years and had personally served him on May 1, 2019 at 2:00 p.m. Bryan also provided a specific description of respondent's appearance. Bryan used a preprinted "fill-in-the-blank" affidavit form that instructed the user to check a box corresponding to each paper personally served. Although Bryan checked the box for "summons," she did not check the box for "petition." We recognize that the summons properly directed respondent to appear before the Support Magistrate on May 28, 2019, but the statute requires service of both the summons and the petition (see Family Ct Act § 427 [a]). As such, we conclude that both the Support Magistrate and Family Court erred in accepting Bryan's affidavit as proof of adequate service without further inquiry on the matter.
For his part, respondent stated at the confirmation hearing that he knew Bryan but had not seen her in years and testified under oath that he had not been served with any papers. Under these circumstances, we conclude that Family Court should have conducted a traverse hearing to determine whether respondent was properly served pursuant to Family Ct Act §§ 427 (a) and 453 (c) (see US Bank, N.A. v Schumacher, 172 AD3d 1137, 1138 [2019]). At that hearing, the mother bears the burden of establishing personal jurisdiction over respondent — through proper service of the summons and petition — by a preponderance of the evidence (see id. at 1138). If she fails to do so, then the petition must be dismissed (see Matter of Sutton v Mundy, 24 AD3d 1128, 1129 [2005]). If, however, the mother demonstrates that respondent was properly served with the summons and petition, then we further conclude that a new fact-finding hearing must be held because Family Court erred in rejecting as irrelevant respondent's testimony that certain funds had been applied against his support arrearage.
This issue pertains to the settlement of a claim following the death of the parties' third child. The record demonstrates that the mother was the administrator of the child's estate when a third-party claim was settled for the sum of $150,000 in 2017. During cross-examination at the confirmation hearing, the mother asserted [*3]that the funds did not offset respondent's child support obligation. She otherwise confirmed that she had the paperwork concerning the settlement, offering that "it's in my email. If you want it forwarded, I can forward it right now or." At that point, Family Court interceded, stating, "No, we don't have time for that . . . and that's totally irrelevant to the issue at hand." For his part, respondent testified that he waived any interest in the settlement proceeds and other estate funds believing that the funds would cover his outstanding support obligations.
In our view, the payment issue was highly relevant to the matter being litigated before Family Court. The record includes certain documents memorializing the settlement of the estate claim. Of particular note is a "Waiver & Consent" signed by respondent on March 23, 2017, in which he waived his interest in the settlement proceeds in favor of the mother because he "was in arrears in child support in the approximate amount of $50,000." As noted by the Support Magistrate, the child support obligation summaries prepared by the Broome County Office of Child Support Enforcement show that no payments were made from May 2013 through the date of the hearing. Correspondingly, the mother testified that she had not received any payments during this six-year period. This competing evidence raises the question of whether respondent is entitled to a credit for releasing his interest in the estate funds to the mother — an issue that should be addressed at a new fact-finding hearing in the event that the mother establishes that respondent was properly served with the summons and petition. In light of our determination, we need not address respondent's remaining contentions.
Egan Jr., J.P., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The record references that respondent's support obligation dates back to 1999.

Footnote 2: This Court granted respondent's motion for a stay pending appeal pursuant to Family Ct Act § 1114 (b) (2020 NY Slip Op 64267[U]).